# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

STEADFAST INSURANCE COMPANY,

        Plaintiff,

v.                                           CV 15-00218 WJ/CG

LEGACY SAFETY & CONSULTING, LLC
and CHESAPEAKE OPERATING, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon the Motion to Dismiss, **(Doc. 8)**, filed on April 8, 2015, by Defendant Chesapeake Operating, LLC ("Chesapeake"). Having reviewed the parties' briefs and applicable law, the Court finds that Chesapeake's motion is well taken and, therefore, is **GRANTED**.

### BACKGROUND

The following well-pleaded allegations in the complaint are accepted as true for present purposes. Plaintiff Steadfast Insurance Company ("Steadfast"), an insurance carrier authorized to transact business in New Mexico, issued a commercial general liability insurance policy to Defendant Legacy Safety & Consulting, LLC ("Legacy") for coverage from December 31, 2011, to December 31, 2012. Later, this policy was amended to add Chesapeake as an additional named insured. Consideration for this amendment took the form of an additional endorsement premium of $1,000, as assessed by Steadfast based on information submitted by Legacy.

However, after conducting an audit, Steadfast determined that the additional endorsement premium should have been valued at $148,831 rather than $1,000. Although Steadfast has sent invoices and demands to Legacy and its insurance broker, Legacy has only paid $20,000 toward this additional endorsement premium and has refused to pay the remaining balance.

Steadfast filed its complaint in this action in March 2015, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332. Steadfast brings three claims: (I) breach of contract, against Legacy; (II) unjust enrichment, against both Legacy and Chesapeake; and (III) account stated, against Legacy. Although Legacy filed an answer, Chesapeake has filed the present motion to dismiss Count II, the unjust enrichment claim brought against it.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

DISCUSSION

In New Mexico, a plaintiff may prevail on an unjust enrichment claim by showing that "(1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Ontiveros Insulation Co., Inc. v. Sanchez*, 129 N.M. 200, 203 (Ct. App. 2000) (citing RESTATEMENT (FIRST) OF RESTITUTION §§ 1, 40, 41 (1988)). Having asserted that Chesapeake accepted the benefits of insurance coverage without paying premiums, Steadfast maintains that its factual allegations satisfy these elements.

Boiled down to its essence, Chesapeake's general rebuttal is that Steadfast's unjust enrichment claim against it cannot proceed because Steadfast has an adequate remedy at law, specifically a breach of contract claim against Legacy. A more specific variation of this argument is that an additional named insured can *never* be liable for unpaid premiums in the absence of an express or implied contract saying otherwise; thus, any outstanding premiums must be paid by Legacy rather than Chesapeake.

**I.       Unjust Enrichment Claims Against Additional Named Insured**

Chesapeake claims that there is "apparent unanimity" among other jurisdictions that in the context of insurance law, "the named insured is not liable for payment of premiums where that insured has not contracted to pay premiums." *Home Ins. of Dickinson v. Speldrich*, 436 N.W.2d 1, 3-5 (N.D. 1989) (citations omitted); *see also, e.g.*, *FPS, Inc. v. Cont'l Contractors, Inc.*, 537 So. 2d 831, 833-34 (La. Ct. App. 1989); 44 AM. JUR. 2D *Insurance* § 874 (2015) ("[A]dditional insureds may not be held liable for unpaid insurance premiums, where the policies do not expressly or implicitly state that they are liable, even if the named insured had procured the policy at their insistence."); 5 COUCH ON INSURANCE § 74:19 (3d ed. 2014). The Court agrees that these cases, and those that they cite, would appear to foreclose the existence of a *contract*

3

remedy against an additional named insured unless the latter expressly or impliedly contracts to pay premiums. *See Home Ins.*, 436 N.W.2d at 3-4 (reviewing contract-based claims from other jurisdictions). However, these authorities do not rule out an *unjust enrichment* claim against an additional named insured *as a matter of law*; instead, each decision considers the specific facts at hand before rejecting such a claim. *See id.* at 4-5 (recognizing the distinction between the contract cases it cites and the unjust enrichment claim under consideration); *FPS*, 537 So. 2d at 833-34 (separately considering contractual and equitable theories of liability).

Steadfast notes the fact-driven nature of these outcomes and argues that it is too early, at the motion-to-dismiss stage, to conclude that Chesapeake cannot be liable under an unjust-enrichment theory simply because it is only an additional named insured. The Court agrees. In *Home Insurance*, the North Dakota Supreme Court concluded from the evidence that a father procured insurance naming his sons as additional insureds not for their benefit, but for his own, and as such the sons could not have been enriched parties. *See* 436 N.W.2d at 4-5. Similarly, in *FPS*, the Louisiana Court of Appeals did not reach a *per se* rule excluding additional insureds from liability under an unjust enrichment theory; instead, it rejected the claim at issue because the evidence did not suggest that the insurer's "impoverishment" was the result "of any commission or omission" by the additional insured. *See* 537 So. 2d at 834.[1]

Also of relevance is the fact that each of these cases was decided based on another jurisdiction's definition of unjust enrichment. The Court notes that it has little guidance as to how New Mexico specifically would treat Chesapeake's additional-insured defense. The parties do not cite, and the Court is not aware of, any binding New Mexico authorities addressing the

---

[1] That said, the Court notes that neither party has referred to any decision where an unjust enrichment claim brought by an insurance company against an additional insured was successful. Steadfast's lone citation on this question, *Kowalski v. Jackson Nat'l Life Ins. Co.*, 981 F. Supp. 2d 1309, 1322 (S.D. Fla. 2013), did not involve such a claim and is therefore inapt.

4

viability of unjust enrichment claims brought by an insurer against an additional named insured. However, several New Mexico cases touch on Chesapeake's broader defense—that an unjust enrichment claim cannot survive when the plaintiff has an adequate remedy at law. The Court turns to this argument.

## II.  Unjust Enrichment Claims Where a Contract Claim is Available

There is no dispute that a claim of unjust enrichment is a claim at equity, rather than one based in statute or contract. *See Ontiveros*, 129 N.M. at 203. As a general rule, "equity will not act if there is a complete and adequate remedy at law." *Sims v. Sims*, 122 N.M. 618, 624 (1996). Chesapeake contends that Steadfast's claim against it must fail because the insurer has a complete and adequate remedy at law available to it, namely a contract claim against Legacy.

In support of its position, Chesapeake relies on the New Mexico Court of Appeals decision in *Ontiveros*. In that action, a general contractor did not pay subcontractors for work on several homes before declaring bankruptcy, and the subcontractors' claims against the contractor were discharged in bankruptcy. *See* 129 N.M. at 202. Although the subcontractors filed liens on the homes, the homeowners subsequently defaulted on their mortgages; following foreclosure, the homeowners then exercised their rights of redemption and reclaimed the properties free and clear of any liens. *See id.* The subcontractors then brought a claim of unjust enrichment against the homeowners. *Id.*

> The Court of Appeals observed that the claim of unjust enrichment in New Mexico
>
> has evolved largely to provide relief where, in the absence of privity, a party cannot claim relief in contract and instead must seek refuge in equity. . . . Subcontractors' suits against property owners are generally not favored. Remedy is instead viewed as best sought from the underlying general contractor. This general disfavor, however, is not required by anything intrinsic to the subcontractor-property owner relationship, but rather is a reflection of the jurisprudence of equity. Simply, equity does not take the place of remedies at law,

it augments them; in this regard, an action in contract would be preferred to one in quasi-contract.

*Id.* at 203-04 (internal citations omitted).

Despite this pronouncement of the general rule, the *Ontiveros* court recognized that the subcontractors had spent significant funds on labor and materials relating to construction of the home; conversely, the homeowners themselves had not paid the bankrupt general contractor a substantial portion of the amount due. *See id.* at 205. In light of this fact, and given that the subcontractors had no other means available to recover their losses, the Court of Appeals concluded that "the equities weigh heavily in [the] [s]ubcontractors' favor." *See id.* at 206.

Thus, *Ontiveros* stands for the proposition that a claim for unjust enrichment can be brought, at least in some circumstances, against a party not in contract privity with the plaintiff, even when a contract existed concerning the subject matter of the dispute. This conclusion is indirectly supported by language in other state court decisions, most prominently in New Mexico Court of Appeals cases holding that the existence of a contract claim does not necessarily foreclose an equitable claim covering the same subject matter. *See Starko, Inc. v. Presbyterian Health Plan, Inc.*, 276 P.3d 252, 278 (N.M. Ct. App. 2011) (citing *Danley v. City of Alamogordo*, 91 N.M. 520, 521 (1978); *Platco Corp. v. Shaw*, 78 N.M. 36, 37 (1967)) (holding that an equitable claim such as one for unjust enrichment may stand even if a contractual relationship exists concerning the subject matter of that claim), *rev'd on other grounds sub nom. Starko, Inc. v. N.M. Human Servs. Dep't*, 333 P.3d 947 (N.M. 2014); *see also Hydro Conduit Corp. v. Kemble*, 110 N.M. 173, 178 (1990) ("[U]njust enrichment constitutes an independent basis for recovery in a civil-law action, analytically and historically distinct from the other two principal grounds for such liability, contract and tort." (citation omitted)); *Adenauer v. Conley's Landscaping, Inc.*, No. 30,271, 2012 WL 1719730, at *3 (N.M. Ct. App. Apr. 23, 2012)

6

(unpublished) (citing *Starko*, 276 P.3d at 278). Assuming that the situation in *Ontiveros* is at least partly analogous to the question before the Court, Chesapeake's citation to that decision is therefore somewhat puzzling.

On the other hand, binding and persuasive authorities alike establish that New Mexico law strongly disfavors unjust enrichment claims when remedies exist under contract law. *See Sims*, 122 N.M. at 624; *Dydek v. Dydek*, 288 P.3d 872, 883 (N.M. Ct. App. 2012); *Ontiveros*, 129 N.M. at 204; *see also Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1116-17 (10th Cir. 2005) (citing *Member Servs. Life Ins. Co. v. Am. Nat'l Bank & Trust Co. of Sapulpa*, 130 F.3d 950, 957 (10th Cir. 1997)); *Abraham v. WPX Energy Prod., LLC*, 20 F. Supp. 3d 1244, 1276, 1284-85 (D.N.M. 2014) (dismissing an unjust enrichment claim against a third party where the plaintiff did not plead an obstacle to recovery from a privy party under contract law). This position is bolstered by illustrations in § 25 of the Restatement (Third) of Restitution and Unjust Enrichment, which conclude that an unjust enrichment claim against a third party cannot stand at all when a contract claim between privy parties is viable. *See* RESTATEMENT (THIRD) OF RESTITUTION & UNJUST ENRICHMENT § 25 cmt. B, illus. 3 (2011) (stating that "when A confers a benefit on B as the performance of A's contract with C," an unjust enrichment claim must fail "where A attempts to recover from B in restitution instead of pursuing a viable contract claim against C"); *see also Wagner v. Galbreth*, 500 B.R. 42, 52 (D.N.M. 2013) (noting that New Mexico courts frequently turn to the Restatements for guidance on equitable claims).

Although some decisions have suggested that a party may bring a claim of unjust enrichment despite the presence of an adequate remedy at law, these cases are not only significant departures from New Mexico Supreme Court precedent, they are also readily distinguishable from the facts at issue here. Though *Sims* ultimately permitted a statutory claim

and an equitable claim to proceed on the same subject matter, it did so only because statutory remedies are not typically interpreted as supplanting existing equitable remedies, *see* 122 N.M. at 624, an argument that does not necessarily apply to contract law in the same fashion. *Starko* concerned an overlap of equitable and contract claims brought by the plaintiff against one defendant, not against a third party not in contract privity with the plaintiff; further, its holding was reversed by the state supreme court on other grounds, so it is not clear that *Starko* accurately reflects how the New Mexico Supreme Court would treat that claim. *See* 276 P.3d at 278. Unlike this case, the two New Mexico Supreme Court decisions cited for primary support in *Starko* involved equitable claims between two parties in contract privity where the contract was concededly unenforceable. *See Abraham*, 20 F. Supp. 3d at 1281-82 (citing *Danley v. City of Alamogordo*, 91 N.M. 520 (1978); *Platco*, 78 N.M. 36). Likewise, the Court of Appeals in *Ontiveros* permitted an unjust enrichment claim reluctantly, and only because the facts of the case made it clear that no other remedy was available to the plaintiffs. *See* 129 N.M. at 205-06.

Reviewing this landscape, United States District Judge James O. Browning concluded in *Abraham* that "under New Mexico law, the existence of a contract with a different party does not automatically bar [an] unjust enrichment claim, but the plaintiff cannot pursue the unjust enrichment claim unless there is something—bankruptcy, statutes—prohibiting the plaintiff from pursuing the contract claim." *Abraham*, 20 F. Supp. 3d at 1276. This conclusion is bolstered by the state's general rule of disfavoring such claims, combined with the relatively infrequent exceptions to this rule. Thus, even though *Abraham* is not a binding interpretation of New Mexico law, the Court finds that decision's reasoning to be persuasive and applies it to the case at bar.

Judge Browning also determined that for a plaintiff's unjust enrichment claim to survive a motion to dismiss, "the Supreme Court of New Mexico would require [the] plaintiff to allege that there is something preventing his recovery on the contract claim." *Id.* at 1284 (rejecting *Starko* as inconsistent with how the New Mexico Supreme Court would handle such a motion). The Court has little precedential authority to rely on with respect to that conclusion; none of the New Mexico Supreme Court cases cited herein were decided at the pleading stage, and the value of *Starko*'s contrary holding is questionable given that the decision was only reached by the New Mexico Court of Appeals and was subsequently overturned on other grounds. Nonetheless, the reasoning expressed in *Abraham* is consistent with the state's general distaste for equitable claims where a contract claim remains viable. Moreover, this view is consistent with the Tenth Circuit's understanding of New Mexico law. *See Elliot Indus.*, 407 F.3d at 1117 (applying New Mexico law to permit an unjust enrichment claim only "[w]here the plaintiff has no alternative right on an enforceable contract" (quoting 26 RICHARD A. LORD, WILLISTON ON CONTRACTS § 68:5 (4th ed. 2004))). The Court therefore adopts this conclusion as well.

From there, resolution of Chesapeake's motion is straightforward. Steadfast has not pleaded that anything is preventing it from pursuing a contract remedy against Legacy for recovery of the allegedly unpaid premiums—indeed, Steadfast brings just such a claim in Count I. Simply put, in the absence of any allegations to the contrary, Steadfast has a complete and adequate remedy at law—a contract claim against Legacy. Under these circumstances, its unjust enrichment claim against Chesapeake must fail. *See Sims*, 122 N.M. at 624 ("[E]quity will not act if there is a complete and adequate remedy at law"); *see also Abraham*, 20 F. Supp. 3d at 1284-85.

Given the Court's conclusion that the New Mexico Supreme Court would not allow Steadfast's unjust enrichment claim to proceed under these circumstances, Steadfast's only response is to argue that it could be left without a contract remedy "if Legacy becomes judgment[-]proof or demonstrates that the contract was invalid." Be that as it may, Steadfast has altogether failed to state in its pleadings that there is any reason to believe that it has no remedy at law for the recovery of the allegedly unpaid premiums, and its pursuit of such a remedy suggests that it does not believe this to be the case. Accordingly, Steadfast's unjust enrichment claim against Chesapeake—the only claim brought against that Defendant—must be dismissed.

### CONCLUSION

For the foregoing reasons,

IT IS THEREFORE ORDERED that Defendant Chesapeake Operating, LLC's Motion to Dismiss, **(Doc. 8)**, is hereby GRANTED. Count II as to Chesapeake is DISMISSED WITH PREJUDICE, and Chesapeake is dismissed from this action.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE